

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,991-01

### EX PARTE JECORI DEWAYNE HOWARD, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 12-0142X IN THE 71ST DISTRICT COURT
## FROM HARRISON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to twenty years' imprisonment[1]. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective because he informed Applicant that the State had a DNA match to him, which caused him to accept a guilty plea. Applicant has alleged facts

---

[1] The habeas record is conflicted regarding the sentence. The docket sheet states that Applicant was sentenced to twenty years' imprisonment on March 12, 2014, but the only judgment in the habeas record shows that he was sentenced to eight years' imprisonment on November 14, 2012. The judgment in the record does not appear to be a judgment for deferred adjudication, stating that Applicant was sentenced to "8 years Institutional Division, TDCJ" and orders the sentence to be executed.

that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings as to the history of Applicant's sentencing and judgments to clarify the discrepancy in the habeas record. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). The district clerk shall supplement the record with any judgments placing Applicant on deferred adjudication or any judgements revoking deferred adjudication. Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 1, 2020
Do not publish